JABEZ G. FITCH *against* JOSHUA STANTON.

IN ERROR.    Plaintiff in error nonsuited.

*S. Miller*, for defendant in error. *The plaintiff below* moved the Court that he might tax in the bill of costs, now recovered by defendant in error, an item containing the officer's fees for the return of the original execution; which writ of execution had been superseded by the writ of error. He read the 8th section of the act entitled, An act constituting the Supreme Court of Judicature, &c. " And the Supreme Court of Judicature shall have power to examine, reverse, or affirm any judgment in civil actions rendered in any County Court upon a writ of error; which writ of error any Judge of the Supreme Court shall have power to allow and sign, and, on allowance of such writ of error as aforesaid, shall take good and sufficient security that the plaintiff in error shall prosecute his writ to effect, and answer all *damages and costs*. If he fail to make his plea good, and if, on such writ of error, the former judgment shall be affirmed, the Court shall adjudge to the defendant or defendants in error, just damages for the delay occasioned by such writ, and single or double costs, at their discretion."

*Vermont* Stat. vol. 1. p. 57.

He also read a clause from the fee bill, regulating the fees for sheriffs, &c. returning writs of execution. He argued, that this item for officers' fees for returning a superseded execution, although not strictly within the letter, came fully within the spirit of the law; that the manifest intention of the Legislature

*Vermont* Stat. vol. 1. p. 387.

was to give all real damages, and something as smart money, to the defendant in error, to prevent delay in the collection of debts; that, allowing this item to be unprovided for by the statute, yet an officer having an execution in his hands unlevied, and the same being superseded by a writ of error, it became his duty to return the writ to the Court from whence it issued, with his reasons for not levying the same indorsed; for until the execution be returned, the plaintiff below can obtain no *alias*, which might issue upon the affirmation of judgment, or nonsuit of the plaintiff in error.   It has likewise been decided, that the officer is liable to an action for neglecting to return such execution; therefore if the officer is in fact placed in this situation by the writ of error, that he is compelled to return the execution, and there is no other mode pointed out by the statute for him to obtain his fees for such service, the Court will be inclined to allow them under their discretionary power.

*Fitch*
*v.*
*Stanton.*

By the Court.   The fee bill does not empower the officer to charge such fees to the original plaintiff; and if he is not liable to pay the officer's fees, he cannot claim them of the defendant, or ought they to be included in the damages.   The item for officer's fees for return of the writ of execution issued from the Court, cannot be taxed.

An officer cannot charge fees for return of execution stayed by *supersedeas* in writ of error.